**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOHN E. HARGROVE,**
a.k.a., "sun warrior48",
a.k.a. "master_4younger_f_slave"

      **Petitioner-Defendant,**

v.                                                **Civil Action No. 3:11-cv-41**
                                                     **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING
THAT THE DISTRICT COURT DISMISS PETITIONER'S MOTION FOR RETURN OF
PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) AND PETITIONER'S
SUPPLEMENT TO RULE 41(g) MOTION**
_____

## I.   INTRODUCTION

On May 2, 2011, John E. Hargrove, *pro se*, ("Petitioner") filed a Motion of Intent to File a 28 U.S.C. § 2255. (Case No. 3:07-cr-58, ECF. No. 387.) On May 16, 2011, Chief Judge John Preston Bailey entered an order construing Petitioner's motion as a Motion to Compel and Motion for Return of Property. (Case No. 3:07-cr-58, ECF No. 389.) Chief Judge Bailey denied Petitioner's motion and directed the clerk to open a separate civil case for Petitioner's Motion for Return of Property utilizing the instant motion as the initiating petition. Petitioner's Motion for Return of Property was filed in a separate civil case on May 16, 2011. (Case No. 3:11-cv-41, ECF No. 1.) On June 17, 2011, Petitioner filed a Supplement to Rule 41(g) Motion. (Case No. 3:11-cv-41, ECF No. 8.) The Government did not respond. The undersigned Magistrate Judge now issues this report and recommendation on the motion and its supplement without holding an evidentiary hearing.

## II.     FACTUAL BACKGROUND

On July 17, 2007, a Federal Grand Jury for the Northern District of West Virginia, Martinsburg Division, indicted John E. Hargrove ("Petitioner") on various violations. The Grand Jury charged Petitioner with three (3) counts of the indictment. (Case No. 3:07-cr-58, ECF. No.1.) Count One (1) charged Petitioner with attempted transfer of obscenity to a minor in violation of Title 18, United States Code, Section 1470. (*Id.*) Count Two (2) charged Petitioner with transportation of child pornography in violation of Title 18, United States Code, Section 2252A(a)(1), (b)(1). (*Id.*) Count Three (3) charged Petitioner with attempted enticement of a minor in violation of Title 18, United States Code, Section 2422(b). (*Id.*)

During Petitioner's trial, the Government presented evidence that officers assigned to the Federal Bureau of Investigation's ("FBI") Innocent Images Task Force, a part of the Connecticut Computer Crimes Task Force in New Haven, Connecticut, obtained a search warrant for Petitioner's residence. (*See* Trial Tr. at 91-94, Case No. 3:07-cr-58, Oct. 2, 2008, ECF No. 263.) At the time, Petitioner resided near Bristol, Connecticut. (*Id.* at 110.) The trial testimony also established that three hard drives had been collected from Petitioner's residence and sent to the Pittsburgh FBI office from the New Haven Division for the purpose of examining them for child pornography. (*Id.* at 215.) Furthermore, a receipt for property received by officers during the search shows that three computer towers and nine cell phones were taken from Petitioner's residence in Bristol, Connecticut. (Mot. for Return of Seized Property, Att. 1, Nov, 5, 2007, ECF No. 25.)

## III.     ANALYSIS

A.      *Contentions of the Parties*

In his Motion of Intent to File a 28 U.S.C. § 2255, Petitioner requests "all images that are not [ PORNOGRAPHIC[] ] or of anyone that the court has previously deemed to be a victim." (Case No. 3:07-cr-58, ECF No. 387 at 2.)  Petitioner also requests any images of himself and of his home.  (*Id.* at 2.)  Specifically, Petitioner requests any "images that are not pornographic" and alleges that "these are the last images of my past And [sic] I Would [sic] like to have them for the memories." (*Id.* at 3-4.)  He alleges that these images "did not pertain to any criminal activity at all and are of myself and of another adult again not a part of my case." (*Id.* at 3.)

On June 17, 2011, Petitioner filed a Supplement to Rule 41(g) Motion.  (Case No. 3:11-cv-41, ECF. No. 8.)  In his Supplement, Petitioner seeks to have "all the images seized from me returned." (*Id.*)  He also alleges that the cell phones and computer towers seized from his apartment in Bristol, Connecticut were returned to him but were damaged "beyond repair." (*Id.*)  With regards to the cell phones, Petitioner alleges that the "'Sims [sic] Cards, also known as memory cards'" had been removed from the phones prior to their return.  (*Id.*)  Accordingly, Petitioner seeks "monitery [sic] compensation for the damaged cell phones, and the computer towers." (*Id.*)

The Government did not respond.

B.      *Discussion*

Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  When a petitioner "invokes [this rule] after the close of all criminal

proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Therefore, a court "has jurisdiction to order money damages if it cannot effect return of the specific property at issue." *United States v. Minor*, 228 F.3d 468 (4th Cir. 2000).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has previously held that Rule 41(g)'s venue provision, providing for filing in the district where the property was seized, "applies to all actions to recover property seized in connection with a criminal investigation, notwithstanding their 'civil' nature." *United States v. Garcia*, 65 F.3d 17, 21 (4th Cir. 1995); *see also United States v. Ebert*, No. 00-7807, 39 F. App'x 889, 894, 2002 WL 1492242, at *4 (4th Cir. July 15, 2002) (recognizing that "*Garcia* remains the binding law of this circuit"). According to the Fourth Circuit, the trial court cannot exercise ancillary jurisdiction over a defendant's Rule 41(g) motion when the "criminal proceeding has long since ended and the trial court exercises no control over the property." *Garcia*, 65 F.3d at 20.[1] The *Garcia* panel further explained that venue is only proper in the trial district during pending criminal proceedings because the trial district "is the only possible forum for a Rule 12 motion to suppress." *Id.* Accordingly, a Rule 41(g) motion may only be "made in the district of trial while criminal proceedings are pending *in that court.*" *Ebert*, 39 F. App'x at 893, 2002 WL 1492242, at *4.

Here, Petitioner has no pending criminal proceedings in the Northern District of West Virginia. Petitioner was found guilty on all three counts of the indictment on October 3, 2008.

---

[1] At issue in *Garcia* was a motion Garcia filed in 1994 in the Eastern District of North Carolina under Fed. R. Crim. P. 41(e) for the return of his property. *Garcia*, 65 F.3d at 18. In 1994, a Motion for Return of Property fell under Fed. R. Crim. P. 41(e) as opposed to the current rule, Fed. R. Crim. P. 41(g). *See* Fed. R. Crim. P. 41 (1994).

(Trial Tr. at 87:8-22, Case No. 3:07-cr-58, Oct. 3, 2008.)  On December 12, 2008, Petitioner was sentenced to 120 months incarceration on Count One, 240 months incarceration on Count Two, and life imprisonment on Count Three, with all sentences to be served concurrently.  (ECF No. 294.)  On November 19, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence.  (ECF No. 359; *see also United States v. Hargrove*, 625 F.3d 170 (4th Cir. 2010).)   Therefore, because Petitioner's conviction is final and there are no pending proceedings related to his conviction in this Court, the Court lacks jurisdiction over Petitioner's Rule 41(g) Motion for Return of Property.  *See Garcia*, 65 F.3d at 20-21; *see also Ebert*, 39 F. App'x at 893, 2002 WL 1492242, at *4.

Furthermore, as the evidence shows, the search warrant was executed at Petitioner's residence in Bristol, Connecticut.  (Trial Tr. at 91-94, 110, Case No. 3:07-cr-58, Oct. 2, 2008, ECF No. 263.)  When the search warrant was executed, the officers provided Petitioner with a receipt for property taken during the search; this receipt specifically shows the cell phones and computer towers were taken from Petitioner's residence in Connecticut.  (Mot. for Return of Seized Property, Att. 1, Nov. 5, 2007, ECF No. 25.)  Tellingly, Petitioner has asserted at least twice that the search took place at his Bristol, Connecticut residence.  (*See id.*; Supp. To Rule 41(g) Mot., Case No. 3:11-cv-41, ECF No. 8.)  Under *Garcia,* therefore, this Court lacks jurisdiction and the proper court for Petitioner's Rule 41(g) motion would be the United States District Court for the District of Connecticut.

## IV.    RECOMMENDATION AND CONCLUSION

For the reasons stated herein, I find that this Court lacks jurisdiction over Petitioner's Motion for Return of Property.  Accordingly, I **RECOMMEND** that Petitioner's Motion for Return of Property (Case No. 3:11-cv-41, ECF No. 1) and his Supplement to Rule 41(g) Motion (Case No.

3:11-cv-41, ECF No. 8) be **<u>DISMISSED WITHOUT PREJUDICE</u>**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner John E. Hargrove.

**DATED:**        September 2, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE