**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JOHN E. HARGROVE,**
a.k.a., "sun warrior48",
a.k.a., "master_4younger_f_slave,"

    Petitioner,

v.                                                            **CIVIL NO. 3:11-CV-41**
                                                                    **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.**    **Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 17]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Joel filed his R&R on September 2, 2011 [Doc. 17]. In that filing, the magistrate judge recommended that this Court dismiss the petitioner's Motion for Return of Property [Doc.1].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on September 8, 2011 [Doc. 18]. The petitioner timely filed his objections on September 20, 2011 [Doc. 19]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

Defendant pleaded not guilty to charges in the Northern District of West Virginia in criminal action number 3:07-cr-58. On October 3, 2008, defendant was found guilty of violating 18 U.S.C. § 1470, 18 U.S.C. § 2252A(a)(1), (b)(1), and 18 U.S.C. § 2422(b) [Doc. 253]. On December 12, 2008, the Court sentenced defendant to 120 months on Count 1; 240 months on Count 2; and Life on Count 3, all to be served concurrently [Doc. 294].

On June 18, 2009, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (3:09-cv-42 [Doc. 1]). At the time he filed his motion, the defendant still had a direct appeal pending before the Fourth Circuit Court of Appeals. (See 3:09-cv-42 [Doc. 7]). On August 31, 2009, defendant moved to withdraw his petition (3:09-cv-42 [Doc. 10]), and on September 9, 2009, this Court granted the motion (3:09-cv-42 [Doc. 11]). On November 19, 2010, the Fourth Circuit Court of

Appeals denied defendant's direct appeal and affirmed this Court's judgment [Crim. Doc. 359]. Currently, defendant has no pending case before this Court.

As the evidence at trial established, a search warrant was executed at the defendant's residence in Bristol, Connecticut. (Trial Tr. at 91-94, 110, Case No. 3:07-cr-58, [Doc. 263]). Subsequent to the search, the officers provided petitioner with a receipt for property taken during the search; this receipt specifically shows the cell phones and computer towers were taken from petitioner's residence in Connecticut. (Mot. for Return of Seized Property, Att. 1, Nov. 5, 2007, [Doc. 25]). By the petitioner's own admission, he has twice acknowledged that the search took place at his Bristol, Connecticut residence. (See id.; Supp. to Rule 41(g) Mot., Case No. 3:11-cv- 41 [Doc. 8]).

In defendant's Motion to for Return of Property [Doc. 1], he asks this Court to require the Government to provide him with all images from the trial, excluding images that are "[PORNOGRAPHIC[] ]" or of victims of the crime, as well as the chat logs entered at trial and other pages which he claims have not been disclosed. ([Doc. 1] at 2). He states that the data he is requesting is needed in the preparation of a § 2255 petition. (Id.)

In his Motion, defendant also states, "[a]s for the other images that are not pornographic. Well those are mine and did not pertain to any criminal activity at all and are of myself and of another adult again not a part of my case. as [sic] I no-longer have any family contact these are the last images of my past And [sic] I Would [sic] like to have them for the memories." ([Doc. 1] at 3-4).

### III.  **Applicable Law**

The United States Court of Appeals for the Fourth Circuit has previously held that

Rule 41(g)'s venue provision, providing for filing in the district where the property was seized, "applies to all actions to recover property seized in connection with a criminal investigation, notwithstanding their 'civil' nature." **United States v. Garcia**, 65 F.3d 17, 21 (4th Cir. 1995); *see also* **United States v. Ebert**, No. 00-7807, 39 Fed.Appx. 889, 894, 2002 WL 1492242, at *4 (4th Cir. July 15, 2002) (recognizing that "**Garcia** remains the binding law of this circuit"). According to the Fourth Circuit, the trial court cannot exercise ancillary jurisdiction over a defendant's Rule 41(g) motion when the "criminal proceeding has long since ended and the trial court exercises no control over the property." **Garcia**, 65 F.3d at 20. The **Garcia** panel further explained that venue is only proper in the trial district during pending criminal proceedings because the trial district "is the only possible forum for a Rule 12 motion to suppress." *Id*. Accordingly, a Rule 41(g) motion may only be "made in the district of trial while criminal proceedings are pending in that court." **Ebert**, 39 Fed.Appx. at 893, 2002 WL 1492242, at *4.

As previously noted, this petitioner has no pending criminal proceedings in the Northern District of West Virginia. Petitioner was found guilty on all three counts of the Indictment on October 3, 2008, and on December 12, 2008, petitioner was sentenced to 120 months incarceration on Count One, 240 months incarceration on Count Two, and life imprisonment on Count Three, with all sentences to be served concurrently [Crim. Doc. 294]. On November 19, 2010, the Fourth Circuit affirmed the petitioner's conviction and sentence [Crim. Doc. 359]; *see also* **United States v. Hargrove**, 625 F.3d 170 (4th Cir. 2010). Therefore, because the petitioner's conviction is final, and there are no pending proceedings related to his conviction in this Court, this Court lacks jurisdiction over the

4

petitioner's Rule 41(g) Motion for Return of Property [Doc. 1].  See **Garcia**, 65 F.3d at 20-21; see also **Ebert**, 39 Fed.Appx. at 893, 2002 WL 1492242, at *4.

## IV.   Discussion

In defendant's Motion to for Return of Property [Doc. 1], he asks this Court to require the Government to provide him with all images from the trial, excluding images that are "[PORNOGRAPHIC[] ]" or of victims of the crime, as well as the chat logs entered at trial and other pages which he claims have not been disclosed.  ([Doc. 1] at 2).  He states that the data he is requesting is needed in the preparation of a § 2255 petition.  (Id.)

Defendant currently has no pending case before this court.  His criminal prosecution – including appeal – is complete, and he has no pending § 2255 motion.  This Court notes that once defendant has filed a § 2255 motion, he may petition the Court for discovery under Rule 6 of the Rules Governing Section 2255 Cases in the United States District Courts.  See **United States v. Veals**, 2010 WL 1791005 (C.D. Ill. April 30, 2010), **United States v. Curtner**, 2008 WL 905923 *1, *1 (C.D. Ill. April 3, 2008).  "Such discovery may be allowed in the discretion of the district court where a petitioner in a § 2255 proceeding has demonstrated good cause for such discovery."  **Veals**, 2010 WL 1791005  at *2.  Presently, defendant has not shown good cause, nor is there any pending case which grants this Court subject matter jurisdiction to order discovery.  Accordingly, the Court finds that defendant's Motions [Docs. 1, 16 & 20] should be, and hereby are, **DENIED**.

In his Motion, defendant also states, "[a]s for the other images that are not pornographic.  Well those are mine and did not pertain to any criminal activity at all and are of myself and of another adult again not a part of my case.  as I no-longer have any family

contact these are the last images of my past And [sic] I Would [sic] like to have them for the memories." ([Doc. 1] at 3-4). Based on a review of defendant's motion, the Court finds these were likewise improperly filed.

A motion seeking return of property is properly brought pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. *See **United States v. Garcia***, 65 F.3d 17 (4th Cir. 1995). Rule 41(g) provides, as relevant here, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Cr.P. 41(g). Additionally, a Rule 41(g) motion brought after conviction, as here, is considered a civil action brought pursuant to 28 U.S.C. § 1346(a)(2). *See **Garcia***, 65 F.3d at 20. As previously noted, Rule 41(g)'s venue provision, provides for filing in the district where the property was seized, and "applies to all actions to recover property seized in connection with a criminal investigation, notwithstanding their 'civil' nature." ***Garcia***, 65 F.3d at 21

### V.  **Petitioner's Objections [Doc. 19]**

I.  In the petitioner's first objection, he argues that this Court has jurisdiction over his case because this Court previously ordered the Government to return certain seized property to the petitioner. The petitioner argues that if this Court does not have proper jurisdiction, then it was not within its rights to return his property in the first instance. This Court notes that defendant's nine (9) cell phones were returned to him via his designated representative on August 19, 2010 [Cr. Doc. 370].

What the petitioner ignores, however, is that at the time this Court returned the above property, it still possessed jurisdiction over the case. This is no longer the case. As

the Fourth Circuit has stated, the trial court cannot exercise ancillary jurisdiction over a defendant's Rule 41(g) motion when the "criminal proceeding has long since ended and the trial court exercises no control over the property." *Garcia*, 65 F.3d at 20. As previously mentioned, there currently exist no pending matters before this Court; therefore, it lacks jurisdiction. For these reasons, the Objection is **OVERRULED**.

2. The petitioner next contends that because the Connecticut, Pennsylvania, and West Virginia Federal Bureau of Investigation assisted each other in the investigation of this matter, that it follows Connecticut or Pennsylvania would have had criminal jurisdiction over the petitioner's case rather than West Virginia. This Court disagrees and is at a loss as to the relevance of the objection. First, the petitioner failed to challenge the Northern District of West Virginia's jurisdiction in the first instance or on direct appeal. Second, while this issue is not properly before this Court, it appears the petitioner may actually be agreeing that Connecticut is the proper jurisdiction in which to file the instant motion. This Objection is **OVERRULED**.

3. Next, the petitioner assumes this Court created its own jurisdiction over the instant Motion for Return of Property by virtue of directing the Clerk to open a separate civil action using the instant motion as the initiating petition. As previously stated, a Rule 41(g) motion brought after conviction, as here, is considered a civil action brought pursuant to 28 U.S.C. § 1346(a)(2). *See Garcia*, 65 F.3d at 20. Having since been properly filed as a civil action, this Court has now given the motion the proper jurisdictional review. Having done so, this Court is of the opinion that it does not have jurisdiction to hear this matter. Accordingly, this Objection is **OVERRULED**.

4. Petitioner's next objection "assume[s] that as with most things being transported from one destination to another that the receiving destination is the one responsible for the holding and security of the property it receives." Again, Mr. Hargrove's assumptions as to what the law should be are misplaced. While this Court concedes much of the petitioner's property was in this Court's possession during pendency of the trial in this matter, as mentioned above there currently exist no pending matters before this Court; therefore, it lacks jurisdiction. Again, this Court notes that the proper jurisdiction, as analyzed under Rule 41(g)'s venue provision, provides for filing in the district where the property was seized, and "applies to all actions to recover property seized in connection with a criminal investigation, notwithstanding their 'civil' nature." **United States v. Garcia**, 65 F.3d 17, 21 (4th Cir. 1995); see also **United States v. Ebert**, No. 00-7807, 39 Fed.Appx. 889, 894, 2002 WL 1492242, at *4 (4th Cir. July 15, 2002) (recognizing that "**Garcia** remains the binding law of this circuit"). For these reasons, this Objection must be **OVERRULED**.

### **VI.** **Conclusion**

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 17]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court is of the opinion that the Motion for Return of Property **[Doc. 1]** should be, and the same hereby is, **DENIED** and **DISMISSED WITHOUT PREDJUDICE**. Further, the petitioner's Objections **[Doc. 19]** are **OVERRULED**. All remaining motions **[Docs. 16 & 20]** are hereby **DENIED AS MOOT**. Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket

of this Court.

It is so **ORDERED**

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* petitioner.

**DATED:** October 4, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE